*105
By the Court

Lyon, J.,
delivering the opinion.
Was it regular and legal to enter and sign judgment in this proceeding jointly1, against the principal and his bail? The Act of 25th December, 1821, under which this proceeding was had, provides that it shall be the duty of the sheriff, his deputy or other lawful officer serving such petition, bill or other process, to take a recognizance with good security in double the amount sworn to for the forthcoming of such negroes or other personal property, to answer such judgment, execution or decree as may be rendered in the case, and such security shall be bound for the payment of the eventual condemnation money and liable to execution in the same manner as securities upon appeals : Cobb’s Digest, 481. No statutory mode of entering and signing judgment jointly against the principal and security on appeals was enacted until subsequently, to-wit: on December 24th, 1826: Cobb’s Digest, 498. Notwithstanding this fact, it has been the uniform practice of the Courts of this State, since the passage of the Act of 25th December, 1821, to enter and sign judgment against the principal and his bail jointly in all proceedings under this Act, a period now of nearly forty years. What was the practice of the Courts in entering and signing judgment against the principal and his security on appeals prior to the passage of the Act of 24th December, 1826, we do not know'. It is too far back for us to remember; but from the usage and universal practice above referred to, of entering and signing them jointly as against the principal and his bail in proceedings under the Act of 25th December, 1821, we are led to the conclusion that it \yas the practice before that time to enter and sign judgment against the security on the appeal jointly and severally as the case might be, with the principal. But whether we are right in that conclusion or not, it is too late now for us to disturb a practice that has continued and been acquiesced in for so long a time, without a greater reason for the disturbance than any that exists, or has been shown to us in this case, to have entitled the plaintiff to his motion. The onus was upon him to at least have shown that, at the passage of this Act of 25th December,. 1821, it was not the practice to enter and sign judgment on *106 appeals jointly or severally against the principal and his security. This he failed to do. Piad he done so it would have been for us to have determined the propriety of disturbing the practice at this late day. Aside, however, from the practice, why is not this judgment a proper one? The judgment against the principal, under the statute, fixes the liability of the security as completely as it does that of the principal. He has had his day in Court, and the question adjudged, and he is “liable,” says this Act, “to execution.” What more is necessary to be done? Why the necessity of a new proceeding — a new suit, when his liability is already fixed by a judgment that is conclusive upon him? We can see no necessity for any other or additional proceedings in which the security could be benefited, except it be that of mere delay, and that is repugnant to the object and intention of the Act. For these reasons we think the judgment a proper one under the Act itself, as well as a uniform and unbroken practice of the Courts.
Let the judgment be affirmed.